1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15cr2517 WQH |
| Plaintiff, | ORDER |
| vs. | |
| UMBERTO HERNANDEZ-VASQUEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the request by the Defendant to represent himself in this proceeding.

**BACKGROUND FACTS**

On September 4, 2015 Defendant was arrested and a complaint filed charging the Defendant with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Defendant was represented by counsel from the Federal Defenders Office.

On September 30, 2015, an indictment was filed charging the Defendant with one count of removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b).

On October 1, 2015, Defendant was arraigned on the indictment and requested substitute counsel. The court appointed substitute counsel at the request of the Defendant.

On December 21, 2015, Defendant again requested substitute counsel and the Court denied the request finding insufficient reasons.  The Court found no ill will or conflict between Defendant and his appointed counsel.

Counsel for Defendant moved the Court for a psychiatric evaluation.

On January 20, 2016, the Court ordered a psychiatric evaluation.

On February 22, 2016, this Court reviewed the competency evaluation which concluded that there is no objective evidence to indicate that the Defendant is suffering from any mental disease or defect  rendering him unable to understand the nature and consequences of the court proceedings against him or unable to assist properly in his defense.  The Court found Defendant to be competent.  Defendant again requested substitute counsel and the Court appointed Defendant's third and present counsel.  The Court vacated the trial date set a new trial date for August 2, 2016.  Defense counsel filed motions for discovery and motions in limine.

On July 18, 2016, the Court set a hearing at the request of defense counsel.  At the hearing, Defendant requested to represent himself.  The Court ordered a second psychiatric evaluation and requested that the evaluator address whether the Defendant is mentally competent to represent himself.  The Court vacated the August 2, 2016 trial date.

On September 6, 2016, the Court held a competency hearing to review the evaluation.  The forensic report prepared by a forensic psychologist dated August 19, 2016 concluded that there is no objective evidence to indicate that the Defendant is suffering from any mental disease or defect  rendering him unable to understand the nature and consequences of the court proceedings against him or unable to assist properly in his defense.  The report further concluded that the Defendant is not able to represent himself in future court proceedings based upon Defendant's low average intellectual functioning, anxiety and general fearfulness, poor reasoning and insight.  Defendant again requested substitute counsel.  After inquiry, the Court denied the request for substitute counsel.  The Court considered the timeliness of the motion, the

1   reasons stated by the Defendant, and the extent of any breakdown of communication
2   and consequent inability to present a defense. The Court concluded that the case had
3   been significantly delayed.  The Court found that the nature of the conflict asserted by
4   the Defendant was based on the Defendant's general unreasonableness.  The Court
5   noted that present counsel had filed motions, that present counsel had conducted
6   himself professionally, and that present counsel was more than competent to defend this
7   case.  The Court found no ill-will between present counsel and the Defendant and found
8   no reason to conclude that the same conflicts will not arise with another counsel.  Under
9   the facts of this case, this court did not conclude that the conflict that the Defendant
10  appears to have with his counsel was extensive or irreconcilable.  The Court concluded
11  that defense counsel can adequately represent the Defendant.

12          On September 8, 2016, the Court held a further status hearing.  Defendant
13  requested to represent himself and the Court took this request under submission.

14          On September 14, 2016, the Court held a further status hearing in order to inform
15  the Defendant of the (1) the nature of the charges against him;  (2) the possible
16  penalties; and (3) the dangers and disadvantages of self-representation.  Defendant
17  continued to assert his constitutional right to self-representation.

18                          **RULING OF THE COURT**

19          The Sixth Amendment to the U.S. Constitution grants a criminal defendant the
20  right to refuse the assistance of counsel and to represent himself in criminal
21  proceedings.  *United States v. Lopez-Osuna*, 242 F.3d 1191, 1198-99 (9th Cir. 2001)
22  (citing *Faretta v. California*, 422 U.S. 806 (1975)).  This right to self-representation
23  may be overridden if: (1) the defendant does not knowingly and intelligently waive his
24  right to counsel, or (2) he is not "able and willing to abide by rules of procedure and
25  courtroom protocol." *Lopez-Osuna*, 242 F.3d at 1199 (quotation omitted).  In addition,
26  the Court has consider Defendant's mental competency to represent himself.  "The
27  standard for a defendant's mental competence to stand trial is now different from the
28  standard for a defendant's mental competence to represent himself or herself at trial."

1   *United States v. Ferguson*, 569 F.3d 1060, 1068 (9th Cir. 2009).  Generally, a defendant
2   who knowingly, voluntarily, and intelligently waives the right to counsel must be
3   permitted to represent himself at trial.  *Faretta v. California*, 422 U.S. 806, 835 (1975).
4   However, in *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379 (2008), the Supreme
5   Court noted that "in certain instances an individual . . . will be able to work with
6   counsel at trial, yet at the same time he may be unable to carry out the basic tasks
7   needed to present his own defense without the help of counsel."  *Id*. at 2386.   "Insofar
8   as a defendant's lack of capacity threatens an improper conviction or sentence,
9   self-representation in that exceptional context undercuts the most basic of the
10   Constitution's criminal law objectives, providing a fair trial."  *Id*. at 2387.

11      In this case, the Court fully informed the Defendant of the (1) the nature of the
12   charges against him;  (2) the possible penalties; and (3) the dangers and disadvantages
13   of self-representation.  *Lopez-Osuna*, 242 F.3d at 1199.  The Court advised the
14   Defendant that a trained lawyer would defend him better than he can defend himself and
15   that it is unwise to represent himself.  Defendant informed the Court that understood the
16   elements of the offense charged and the possible penalties.  Defendant informed the
17   Court that he was familiar with and willing to abide by the rules of evidence and
18   procedure.  Defendant repeatedly requested an opportunity to represent himself and to
19   press his case before the Court.  The Court concludes that there are no grounds upon
20   which to deny the Defendant his right to represent himself under the Sixth Amendment
21   to the United States Constitution.  Defendant repeatedly affirmed that his waiver of
22   counsel was knowing, intelligent, and unequivocal.

23      In this case, the Court has ordered two psychiatric evaluations of the Defendant.
24   Each evaluator found that there is no objective evidence to indicate that the Defendant
25   is suffering from any mental disease or defect  rendering him unable to understand the
26   nature and consequences of the court proceedings against him or unable to assist
27   properly in his defense.  Each evaluator found that the Defendant understands the
28   various roles of the court participants and the adversarial nature of court proceedings.

1   Each evaluator found that the Defendant was upset about the potential sentence he faces
2   and the inability of his counsel to obtain a lower sentence.  While the second evaluator
3   concluded that the Defendant is not able to represent himself in future court proceedings
4   based upon Defendant's low average intellectual functioning, anxiety and general
5   fearfulness, poor reasoning and insight, this conclusion was not based upon any
6   evidence of a lack of mental capacity to conduct trial proceedings.  The evaluator
7   concluded, like the Court, that it would be unwise for the Defendant unfamiliar with and
8   untrained in the law to represent himself.  Under the facts of this case, the Defendant's
9   constitutional right to self-representation is not overridden by any mental competency
10  limitation recognized by the United States Supreme Court in *Indiana v. Edwards*.

11      IT IS HEREBY ORDERED that the request by the Defendant to represent
12  himself in this proceeding is granted.   Counsel for the Defendant will remain as
13  advisory counsel.

14      IT IS FURTHER ORDERED that the Court will hold a status hearing on
15  September 19, 2016 at 2 p.m.

16  DATED:  September 14, 2016

**WILLIAM Q. HAYES**
United States District Judge