# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15cr2517 WQH |
| Plaintiff, | ORDER |
| vs. | |
| UMBERTO HERNANDEZ-VASQUEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment filed by the Defendant. (ECF No. 62).

## BACKGROUND FACTS

On September 4, 2015, Defendant was arrested and a complaint was filed charging the Defendant with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Defendant was represented by counsel from the Federal Defenders Office.

On September 30, 2015, an indictment was filed charging the Defendant with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b).

On October 1, 2015, Defendant was arraigned on the indictment and requested substitute counsel. The Court appointed substitute counsel at the request of the Defendant. (ECF No. 13).

1    On October 26, 2015, the Government filed a motion for fingerprint exemplars.
2 (ECF No. 15).
3    On November 4, 2015, motion to compel discovery filed by the Defendant. (ECF
4 No. 16).
5    On December 7, 2015, the Court held a hearing and Defendant requested a
6 continuance. (ECF No. 19).
7    On December 21, 2015, Defendant again requested substitute counsel and the
8 Court denied the request finding insufficient reasons. The Court found no ill will or
9 conflict between Defendant and his appointed counsel. (ECF No. 21).
10    On January 6, 2016, Counsel for Defendant requested competency evaluation.
11 (ECF No. 22).
12    On January 20, 2016, Court ordered a competency determination pursuant to 18
13 U.S.C. §§ 4241, 4247 at the request of the defense. (ECF No. 30).
14    On February 22, 2016, Court held a competency hearing. The Court reviewed
15 the competency evaluation which concluded that there is no objective evidence to
16 indicate that the Defendant is suffering from any mental disease or defect rendering
17 him unable to understand the nature and consequences of the court proceedings against
18 him or unable to assist properly in his defense. The Court found Defendant to be
19 competent and set jury trial for May 10, 2016. (ECF No. 31).
20    On March 7, 2016, the Court held a hearing and Defendant again requested
21 substitute counsel. The Court appointed Defendant a third counsel. (ECF No. 34). On
22 March 14, 2016, the Court held a hearing to confirm the appointment of new counsel.
23 Counsel accepted the appointment and requested that the Court vacate the May 10, 2016
24 trial. The Court vacated the trial date and set a status hearing at the request of the
25 defense for May 9, 2016. (ECF No. 35).
26    On March 28, 2016, Defendant filed an additional motion to compel discovery
27 (ECF No. 36).
28    On May 9, 2016, the Court held a hearing. At the request of the defense, the

Court set a date of June 6, 2016 for Defendant to file any additional motions and a further hearing date of June 27, 2016. (ECF No. 39).

On June 27, 2016, the Court held a hearing. The Court set a date for filing motions in limine and set a trial date for August 2, 2016. (ECF No. 40).

On July 18, 2016, the Defendant filed motions in limine. (ECF No. 42).

On July 18, 2016, the Government filed motions in limine. (ECF No. 43).

On July 18, 2016, the Court set a hearing at the request of defense counsel. At the hearing, Defendant requested to represent himself. The Court ordered a second psychiatric evaluation and requested that the evaluator address whether the Defendant was mentally competent to represent himself. (ECF No. 44).

On July 19, 2016, the Court ordered an second mental evaluation pursuant to 18 U.S.C. § 4247. The Court found that "the proceedings from February until the present time raise a 'bona fide doubt' as to this Defendant's competence to understand the nature and consequences of the proceedings against him or to assist properly in his defense or to represent himself. The court has an obligation under 18 U.S.C. § 4241(a) to conduct a further hearing." (ECF No. 45). The Court ordered the evaluation to be prepared and provided the Court and counsel by August 19, 2016 and scheduled a status hearing pursuant to section 4241(c) for August 29, 2016. The Court vacated the August 2, 2016 trial date.

On August 22, 2016, defense counsel filed a motion to continue the hearing scheduled for August 29, 2016 to September 6, 2016 in order to allow defense counsel adequate time to meet and confer with the Defendant in preparation fo the hearing. (ECF No. 48).

On September 6, 2016, the Court held a competency hearing to review the evaluation. The forensic report prepared by a forensic psychologist dated August 19, 2016 concluded that there is no objective evidence to indicate that the Defendant is suffering from any mental disease or defect rendering him unable to understand the nature and consequences of the court proceedings against him or unable to assist

properly in his defense. The report further concluded that the Defendant is not able to represent himself in future court proceedings based upon Defendant's low average intellectual functioning, anxiety and general fearfulness, poor reasoning and insight. Defendant again requested substitute counsel. Defendant requested substitute counsel. The Court considered the timeliness of the motion, the reasons stated by the Defendant, and the extent of any breakdown of communication and consequent inability to present a defense. The Court concluded that the case had been significantly delayed. The Court found that the nature of the conflict asserted by the Defendant was based on the Defendant's general unreasonableness. The Court noted that present counsel had filed motions, that present counsel had conducted himself professionally, and that present counsel was more than competent to defend this case. The Court found no ill-will between present counsel and the Defendant, and no reason to conclude that the same conflicts will not arise with another counsel.

On September 8, 2016, the Court held a further status hearing. Defendant requested to represent himself and the Court took this request under submission.

On September 14, 2016, the Court held a further status hearing in order to inform the Defendant of the (1) the nature of the charges against him;  (2) the possible penalties; and (3) the dangers and disadvantages of self-representation. Defendant continued to assert his constitutional right to self-representation. (ECF No. 57).

On September 14, 2016, the Court granted the request by the Defendant to represent himself in these proceedings. (ECF No. 58).

On September 19, 2016, the Court held a hearing and informed the Defendant of the dangers of representing himself under *Farretta*. Pursuant to the request of the Defendant, the Court granted the Defendant until October 17, 2016 to file motions. The Court set the jury trial for December 6, 2016. (ECF No. 59).

On October 24, 2016, the Court held a hearing in order to receive the Defendant's motion to dismiss the indictment (ECF No. 62). The Government filed a response in opposition.

## CONTENTIONS OF THE PARTIES

Defendant moves to dismiss the indictment on the grounds that his rights under the Sixth Amendment and the Fourteenth Amendment to the United States Constitution have been violated. Defendant contends that the Court has disregarded his right to a speedy trial. Defendant further moves the Court for dismissal on the grounds that there is insufficient evidence against him.

The Government contends that each continuance in this case was required and complied with the requirements of the Speedy Trial Act. The Government further contends that indictment set forth a substantive basis for the charges in the indictment.

## RULING OF THE COURT

18 U.S.C. Section 3161(c)(1) of the Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Section 3161(h) provides for a number of exclusions from the period of time used in computing the 70 day period.

A review of the record shows that time has been properly excluded under the provisions of the Speedy Trial Act in this case for the filing of initial motions pursuant to 18 U.S.C. § 3161(h)(1)(D); to accommodate the Defendant's multiple requests for substitute counsel pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); to allow necessary examination to determine mental competency requested by Defendant pursuant to 18 U.S.C. § 3161(h)(1)(A); to allow necessary examinations to determine mental competency to represent himself requested by Court pursuant to 18 U.S.C. § 3161 3161(h)(1)(A); for the filing of pretrial motion prior to trial pursuant to 18 U.S.C. § 3161(h)(1)(D); and to allow the Defendant to exercise his constitutional right to represent himself pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The Court concludes that time has been properly excluded in each instance under the provisions of the Speedy

Trial Act to allow the Defendant to exercise his rights to counsel and self-representation and to assure that the Defendant has the mental competency to proceed. The indictment properly charges the Defendant with a violation of with being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). The Court concludes that the issue of sufficient or insufficient evidence remain for resolution at trial.

IT IS HEREBY ORDERED that motion to dismiss the indictment filed by the Defendant (ECF No. 62) is denied.

DATED: November 18, 2016

**WILLIAM Q. HAYES**
United States District Judge